# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH DEGEARE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-15-1142-HE |
| | ) |
| STATE OF OKLAHOMA; | ) |
| DEL CITY MUNICIPAL COURT, | ) |
| | ) |
| Respondents.[1] | ) |

## REPORT AND RECOMMENDATION

Joseph DeGeare (Petitioner), a pro se federal prisoner confined at USP Tucson, brings this petition under 28 U.S.C. § 2241 for a writ of habeas corpus, challenging a "Detainer/Warrant" issued by the municipal court of Del City, Oklahoma, for possession of marijuana. Doc. 1, at 1.[2] As his requested relief, he asks that the "warrant(s)/Detainer(s) . . . be vacated or resolved so that it will not hender his rehabilitation for RDAP, Residential Drug Alcohol Program." *Id.* at 10. He maintains "[h]e is not eligible for this

---

[1] Petitioner does not challenge his present physical confinement and, properly, did not name his immediate physical custodian as respondent "because *there* [*is*] *no* immediate physical custodian with respect to the 'custody' being challenged." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004).

[2] Page citations to the petition and its attachments are in sequential order and reflect this court's CM/ECF pagination and designation. Unless otherwise indicated, quotations are reproduced verbatim.

program as long as the warrant's are pending." *Id*. Petitioner's single ground for the requested relief is that he has been denied due process. *Id*. at 5.

United States District Judge Joe Heaton referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C), and it is now before the undersigned Magistrate Judge. Doc. 4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition and recommends its summary dismissal.[3]

## I. Petitioner does not satisfy 28 U.S.C. § 2241's custody requirement.

### A. A detainer is required.

"Habeas corpus review is available under § 2241 if [the petitioner] is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting 28 U.S.C. § 2241(c)(3)). If a state has filed a detainer against a prisoner, "he is currently 'in custody' within the meaning of the federal habeas corpus statute" and may "attack on habeas corpus . . . confinement

---

[3] Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

that would be imposed in the future . . . ." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). *Braden* did not resolve, however, "whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody'" to challenge a state court indictment – or, as here, a municipal court bench warrant – through a habeas court action. *Id.* at 489 n.4. "However, courts faced with the issue have consistently concluded" that § 2241's custody requirement is satisfied only when a court has lodged a detainer against a habeas petitioner. *Wade v. Hamilton Cnty. Prosecutor's Office*, No. 1:11-cv-590, 2011 WL 5920770, at *2 (S.D. Ohio Nov. 7, 2011) (unpublished report and recommendation) (collecting cases in support), *adopted by* 2011 WL 5914003 (S.D. Ohio Nov. 28, 2011) (unpublished order).

B. **Petitioner does not challenge a detainer.**

Petitioner claims to challenge a July 17, 2014 decision[4] by the Del City Municipal Court to issue a "Detainer/Warrant." Doc. 1, at 3, 1. But to support his claim, Petitioner submits a copy of a Detainer Action Letter sent on July 7, 2014, by the Federal Bureau of Prisons to the Del City Municipal Court. *Id.* Ex. 1. The letter relied on information from Petitioner's federal

---

[4] This appears to be a typographical error by Petitioner. On the same day he filed this case, he filed two others and, in each, alleged that the date of the operative decision was July 7, 2014. *See DeGeare v. State of Okla.*, Case No. CIV-15-1141-HE, Doc. 1, at 2 (W.D. Okla.); *DeGeare v. State of Okla.*, Case No. CIV-15-1143-HE, Doc. 1, at 2 (W.D. Okla.).

3

pre-sentence report indicating that a bench warrant had been issued on December 9, 2013, "for failure to appear." *Id*. The letter requested the Del City Municipal Court officials to advise whether they "desire to have" the warrant lodged as a detainer. *Id*. What Petitioner characterizes as a detainer, issued against him on July 7, 2014, by the Del City Municipal Court, simply is not. He is subject to an outstanding warrant, not a detainer, and § 2241's custody requirement is not satisfied.

## II. Even had Del City Municipal Court lodged a detainer, Petitioner alleges no constitutional violation.

Petitioner maintains the Del City "warrant(s)/Detainer(s)" adversely impact his eligibility for RDAP, violating his right to due process. *Id*. at 10, 5. The Supreme Court, however, has generally "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). As to "prisoner classification and eligibility for rehabilitative programs in the federal system[,] Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Id.*; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("A prisoner has no constitutional right to

4

participate in RDAP" and "no liberty interest in discretionary early release for completion of RDAP . . . .").

### III. Recommendation and notice of right to object.

For the above reasons, the undersigned recommends the summary dismissal of Petitioner's habeas corpus action. Doc. 1.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 29, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondents at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 9th day of November, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE